UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY RAY JOHNSON,       :
      Plaintiff               :
                             :
      vs.                  :   CIVIL NO. 3:12-CV-1311
                             :
                             :
JOSEPH KLEPACZ, *et al.*,     :
      Defendants        :
                             :
                             :
                             :
                             :
                             :

*M E M O R A N D U M*

*I.*        *Introduction*

We are considering a motion to dismiss the complaint filed by Defendants,

Joseph Klepacz, *et al*. This matter relates to an injury that Plaintiff sustained at the State

Correctional Institution at Camp Hill ("SCI-Camp Hill"). Plaintiff brought this action

pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to

his medical needs in violation of his Eighth Amendment rights, and state law negligence

claims. On September 25, 2012, Defendants filed a motion to dismiss the complaint

pursuant to Rule 12(b)(6) and a supporting brief.

Plaintiff has not responded to Defendant's motion, and therefore we are considering the motion unopposed.[1]

*II.        Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  On May 12, 2012, while Plaintiff was an inmate at SCI-Camp Hill, Defendants Klepacz and Cooney ordered Plaintiff and five other inmates to move a heavy concrete picnic table.  (Doc. 1, ¶ 1).  Defendant Cooney and the other inmates pushed the table toward Plaintiff, while Plaintiff pulled the table in his direction.  (Id.)  This action caused the table to collapse, and a piece fell onto Plaintiff's legs, pinning him against the ground.  (Id.)  After the table was lifted off of Plaintiff, he was taken to Holy Spirit Hospital.  (Id. at ¶ 2.)  Plaintiff was admitted for overnight observation at the hospital and received medical treatment in the form of x-rays of his lower back and legs, morphine injections for pain, and a heated medicated patch for his lower back.  (Id.)  He was released from the hospital the following day with a prescription for medication and returned to the prison.  (Id.)

---

[1]      Pursuant to Local Rule 7.6, any party opposing the motion shall file a brief within fourteen (14) days after service of the movant's supporting brief. Failure to oppose a motion will result in the motion being deemed unopposed.

On July 9, 2012, Plaintiff sued Defendants alleging deliberate indifference to his serious medical needs amounting to cruel and unusual punishment, and state law negligence claims. Defendants have moved to dismiss.

III.        *Discussion*

           *A.  Standard of Review*

           Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation. Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

### *B. Eighth Amendment*

To establish an Eighth Amendment deliberate medical indifference claim, the plaintiff must show that a prison official knew of and disregarded an excessive risk to the prisoner's health. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). This test is two-pronged. First, a plaintiff must show that the defendants were deliberately indifferent to his medical needs. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Deliberate indifference exists where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Id. Second, a plaintiff must show that those needs are serious. Id. "A 'serious' medical need may be fairly regarded as one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). "[T]he key question . . . is whether defendants have provided plaintiff with some type of treatment, regardless of whether it is what the plaintiff

4

desires." Id.  A difference of opinion between plaintiff and defendant as to the proper

course of treatment does not "in and of itself" comprise a constitutional violation.  Id.

While it is clear that Plaintiff's injury constituted a serious medical condition,

he has not demonstrated that Defendants were deliberately indifferent to his medical

needs.  By Plaintiff's own account, he received prompt medical treatment for his injury.

Plaintiff's chief complaint is that, in his opinion, he was released from the hospital

prematurely due to "lack of proper prison protocol, and a clear lack of funds in the

Department of Corrections budget for medical emergencies."  (Doc. 1, ¶ 2).  However,

Plaintiff has not pointed to specific further medical treatment that he was wrongfully and

deliberately denied.  He states that he was prescribed pain medication and a heated

patch for his back, but does not allege that the Defendants denied him access to these

treatments.  Rather, he opines that he "clearly needed more outside medical attention . .

. ," and that the prison officials "should've [sic] petitioned Congress for the necessary

funding by the State to handle efficiently emergency situations."  (Doc 1, ¶ 2).  Plaintiff's

opinion, that he should have received more treatment at the hospital, does not constitute

a violation of his Eighth Amendment rights.  Plaintiff has not demonstrated that

Defendants intentionally refused to provide medical treatment, delayed treatment for a

non-medical reason, or prevented him from receiving recommended medical treatment.

Accordingly, we find that he has not stated sufficient facts to support an Eighth

Amendment claim for deliberate medical indifference.

*C. State Law Negligence Claims*

To the extent that Plaintiff is attempting to raise state law negligence claims, we must dismiss these claims for lack of jurisdiction. Plaintiff has failed to allege sufficient facts to allow his negligence claim to proceed based upon diversity jurisdiction. See 28 U.S.C. § 1332(a) (requiring diversity of citizenship and matter in controversy exceeding $75,000). Having found no viable constitutional claims, we decline to exercise supplemental jurisdiction over the remaining state law claim pursuant to 28 U.S.C. § 1367(c)(3). Without subject-matter jurisdiction, we must dismiss Plaintiff's claims without prejudice to filing in state court.

*D. Failure to Exhaust Available Administrative Remedies*

Finally, we note that Plaintiff failed to exhaust his administrative remedies prior to filing this action, as required by the Prison Litigation Reform Act ("PLRA"). The PLRA requires inmates to exhaust the available prison grievance procedures before filing suit under Section 1983. See 42 U.S.C. § 1997e(a). However, the PLRA also provides that "in the event that a claim . . . fails to state a claim upon which relief can be granted . . . the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." See 42 U.S.C. § 1997e(c)(2). Because we find that Plaintiff has failed to state a claim for relief, it is of no moment that Plaintiff failed to first exhaust his administrative remedies.

*IV. Conclusion*

For the reasons above, Defendant's motion to dismiss will be granted.

Leave to amend the claims will be denied as futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>,

293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an

amendment would be futile).

<u>/s/William W. Caldwell </u>
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY RAY JOHNSON,          :
    Plaintiff                    :
                                  :
    vs.                       :    CIVIL NO. 3:12-CV-1311
                                  :
                                  :
JOSEPH KLEPACZ, *et al.*,        :
    Defendants             :
                                  :
                                  :
                                  :
                                  :

*O R D E R*

AND NOW, this 21st day of August, 2013, upon consideration of

Defendant's motion to dismiss the complaint (Doc. 1), and Plaintiff's response thereto,

and pursuant to the accompanying Memorandum, it is ordered that said motion is

GRANTED and Plaintiff's complaint is dismissed with prejudice.

The clerk shall close this file.

                                  /s/William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge